JOHN C. DOTY AND WIFE *v.* G. W. CHAPLIN AND JOHN RICHARDSON.* 

[IN CHANCERY.]

*Will. Life Estate. Remainder.*

1. The testator gave a life estate in all his property to his widow; and directed his executors, at her decease, to convert the remainder into bonds or securities, and after the payment of certain legacies, to pay the interest, and in a certain contingency, $100 in addition, yearly to his daughter; and if his grand-daughter should survive her mother, marry, and have lawful issue, the residue of his estate was given to her and her heirs. But if she should not marry, or, marry-

* Heard at the January Term, 1881.

ing, have no issue living, then she was to have only the interest, and the remainder was to go to other legatees. The grand-daughter survived, married, but had no issue. On a bill brought to have herself declared the sole owner, *Held,* that the bill should be dismissed; and that the widow, daughter, and grand-daughter, each took only a life estate.

2. The statute, R. L. s. 1916, regulating entails, only refers to estates in lands; but, in this case, the testator intended that his estate, after the decease of his widow, should be administered as personal estate.

3. The court do not decide whether the executors are strict trustees, or have a mere power to designate.

4. R. L. s. 1916, entails, construed.

HEARD on bill and answer, at the 8September Term, 1880. VEAZEY, Chancellor, dismissed the bill. The bill, after stating the provisions of the will, substantially, as is given in the opinion of the court, contained the following :

" Your orators further show that said Laura C. Eddy was the daughter and only child, and while she lived was the only heir, of said James McConnell, and that she deceased before the death of said James McConnell, and that said Mary Helen Eddy was the daughter and only heir of the body of said Laura C. Eddy, and that she, prior to the death of said James McConnell, married your orator, John C. Doty, and is now alive and the lawful wife of said Doty, and she is one of the orators in this bill of complaint, and has never yet had any child born alive.

Your orators further show that upon the death of the said James McConnell, the said Probate Court appointed appraisers upon the estate of said James, and that they in execution of their said warrant, and upon oath, appraised the real estate of said testator at the sum of $4,000 ; and the personal estate at $500, making in the whole $4,704, all of which property went into the hands of said Nancy McConnell, and was used and occupied by her for her own use and benefit during her natural life, and was not sold or disposed of by her, or by any person claiming to act under the will of said James McConnell, during the life of said Nancy.

Your orators further show that by contract and arrangement with said Nancy McConnell, during the last year or more, your orators have been in possession of all said estate, real and personal ; that said Nancy McConnell died at said Rutland on the 24th day of March, A. D. 1880, and that your orators are now in possession of said real estate and personal property, and your orators claim and insist that as to said real estate the said will, under the circumstances of the same, created a life estate only in said Nancy McConnell and a fee simple in your oratrix, the said

Mary Helen Doty, and that she·owns and holds the same in her own right and discharged of all trusts or remainders over, sub-ject only to the payment of the debts and specific legacies of said testator.

Your orators further show that your oratrix, Mary Helen Doty, is the only child and heir-at-law of said Nancy McConnell, and that said will of said James McConnell in law and in equity gives an absolute title to the personal estate of which said testator died seized in the first taker under said will, and that the limitation of an interest contingent upon the death of your oratrix, Mary Helen (Eddy) Doty, without lawful issue living, is too remote to have any valid force and that the same is wholly void.   Your orators therefore insist that as to all the estate of said testator now in being, your oratrix, the said Mary Helen Doty, is sole owner and of right may hold and use the same, subject only to the payment of the debts and special legacies of the said testator.

Your orators further show that your orators have applied to the said executors to allow your orators to pay and satisfy all just and legal debts against said testator, and to pay and satisfy said special legacies to said John Wilmerth and said Ethelbert O. Eddy, and that said executors would upon said payments and the payment of the costs and charges of the administration of said estate, cease to exercise any possession or control over said property and cease to make claim thereto, or to insist upon holding said void and invalid limitation over to such heirs of said George W. Chaplin and David A. Richardson, as may be desig-nated under said void provision of said will, and your orators hereby offer to make said payments as aforesaid, and are ready and willing to deposit such sums of money or give such security therefor as this court shall judge just and equitable for that purpose.

Your orators further show that said executors insist upon sell-ing said real and personal estate of said testator, and refuse to allow your orators, or either of them, to have and control said property, and claim that your oratrix has no right to said prop-erty except to have and receive the interest upon the residue thereof, and claim to hold the same under said void limitation over in said will, and refuse to comply with the reasonable requests of your orators as aforesaid."

Prayer of the petition :

" And that said last will and testament of said James McCon-nell be construed, and a decree be entered adjudging your oratrix, the said Mary Helen Doty, to be the absolute owner of all the estate of the said James McConnell, deceased, and that said limi-

tation over of an interest contingent upon the death of your said oratrix, without lawful issue living, is too remote to have any valid force and is void ; and that upon payment and satisfaction of the debts, funeral charges, legacies and expenses of adminis- tration, all said estate, both real and personal, be turned over to said oratrix as her sole and absolute property, and that said ex- ecutors make and execute all papers and conveyances necessary to carry into effect said decree, and that they be restrained and enjoined from selling or attempting to sell any of said property, real or personal, until the right of your orators therein be estab- lished and determined."

*Joel C. Baker,* for the orators.

The orators insist that the devise of this real estate to Nancy McConnell during her natural life, with remainder over to her only child, Laura C. Eddy, with remainder over to Mary Helen Eddy, the only child of Laura C., created what would have been an estate tail special at common law. *Brown* v. *Hadley,* 1 Conn. 551 ; 1 Hilliard on Real Prop. 84. In which case the statute, R. L. s. 1916, would convert the estate in the oratrix into a fee simple.

As this distribution may not take place in the life-time of any persons in being at the death of the testator, nor within 21 years, and a sufficient fraction of a year to cover the period of gestation, it is too remote and the devise over is void. 2 Redf. on Wills, 275 ; *Brattleboro* v. *Mead,* 43 Vt. 556.

*W. C. Dunton, Edward Dana* and *M. G. Evarts,* for the de- fendants.

The testator could by will limit and control the disposition of his property for a life or lives in being, and twenty-one years and a fraction longer. *Nightingale* v. *Burrill,* 15 Pick. 111 ; 2 Redf. on Wills, 845 ; *Brattleboro* v. *Mead,* 43 Vt. 556 ; *Theo. Sem.* v. *Kellogg,* 16 N. Y. 83 ; 2 Bl. Com. 174 ; 4 Kent Com. 266 ; 2 Wash. Real Prop. 359.

That the words of the will import a definite failure of issue at the time of the death of Mary Helen Eddy, and that such was the intent of the testator can hardly be disputed. See 4 Kent, p. 273, 279 ; *Griswold* v. *Geer,* 18 Ga. 545 ; *Morgan* v. *Morgan,*

5 Day, 517; *Cutler* v. *Doughty*, 23 Wen. 513; *Jackson* v. *Kip*, 2 Paine C. C. 366; *Porter* v. *Bradley*, 3 Term, 143.

The will provides that all the property of the testator, both real and personal, shall be sold after the death of Nancy McConnell, and the proceeds thereof, after the payment of debts and legacies, securely invested, &c. All the estate will be divested of its reality by a sale as required by the will. *Craig* v. *Leslie*, 3 Wheat. 563; 4 Curtis, 294.

If the said Mary Helen dies without issue living, the property vests in the executors. 15 Pick. 113; 2 Williams on Ex. 1161; 13 N. Y. 284; 2 Bl. Com. 381; 4 Mass. 215.

The opinion of the court was delivered by

ROYCE, Ch. J. The testator gave a life-estate in all his property, real and personal, to his widow, Nancy McConnell, and directed that all of his estate, real and personal, that might remain at the decease of his widow should be sold by his executors and invested in bonds or sureties; and, after the payment of legacies to John Wilmerth and Ethelbert O. Eddy, that the yearly interest on what might remain of the estate, and, in a certain contingency, $100 in addition thereto out of the principal, should be paid annually to his daughter, Laura C. Eddy, for her use and support during her life; and that if his grand-daughter, Mary Helen Eddy, should survive her mother and marry and have lawful issue living, the residue of his estate was given to her and her heirs forever. But if she should not marry, or, marrying, should have no issue living, then she was to have only the interest upon what might remain of the estate during her life. And what might remain of the estate at her decease was to go to his relations, George W. Chaplin and David A. Richardson, to be by them distributed to such heirs of each, at such times and in such manner as they shall deem fit and proper.

Executors were named in the will, and provision was made for others to serve in that capacity, in the event of the decease of one or both of those named, and for an appointment by the Probate Court, if it should become necessary. Laura C. Eddy died before the testator, and Mary Helen, the oratrix, before the death of the

testator, was married to the orator, John C. Doty, and has no living issue.

The oratrix claims that she is entitled to the whole estate that may remain after the payment of the debts and legacies, as heir-at-law of the first taker, Nancy McConnell.

Nancy McConnell took only a life-estate in the estate of the testator, and upon her decease it was, by the will, made the duty of the executors to convert the entire estate into money, and whatever interests were bequeathed to take effect after the decease of the said Nancy were to be realized out of the fund that would constitute the estate after it had thus been converted into money.

The intention of the testator, at the time he made the will, is to be learned, and, when ascertained, is to be carried into effect. It is evident that the testator did not intend to devise any interest in his real estate, as such, except the life-interest that was given to his widow; and her interest was subject to be defeated by its sale under the power conferred by the will. Our statute, R. L., section 1916, only refers to estates in lands, and does not apply to personal estates. Its design was, to prevent the entailment of lands so as to bar the right to alienate them beyond the period therein named. Under this will the estate might have been sold during the life of the first taker; and it was directed to be sold as soon as may be after her decease. The intention of the testator was, that his estate, certainly, after the life-estate of his widow should terminate, should be regarded and administered as personal estate. Hence, we do not regard the statute relied upon as controlling. While under the common law words in a will, which would create an estate tail, if used in reference to real estate, would generally give an absolute title to the first taker, when applied to personal property. A contingent interest in personalty might be created by limitation over after a preceding estate, to operate by way of executory devise.

In *Brattleboro et al.* v. *Mead et al.*, 43 Vt. 556, the estate attempted to be created by limitation over was held to be too remote, and, therefore, void; upon the ground that the words used in the will, upon which the validity of the devise depended, imported an indefinite failure of lineal heirs or descendants.

Here, the contingency upon which the devise to Chaplin and Richardson was made to depend, must happen within a life in being at the time the will was executed; that is, the death of the oratrix without lawful issue living. While it remains uncertain as to her having lawful issue, it would manifestly defeat the expressed intention of the testator to permit her to take and hold his entire estate.

It is not necessary in giving a construction of the will to consider the character in which Chaplin and Richardson, or their successors, may receive the devise; whether as strict trustees, bound as such to designate and account to beneficiaries, or as persons having a mere power to designate, which they may exercise or not, as they may elect. In either event they take the legal title, and the question of their accountability does not affect the legality of the devise.

The decree of the Court of Chancery, dismissing the bill, is affirmed, and cause remanded.